FILED

Jason S. Hartley (CA Bar #192514)
STUEVE SIEGEL HANSON LLP
550 West C Street, Suite 610
San Diego, California 92101
Phone: (619) 400-5822
Fax:  (619) 400-5832

11 JAN -4 PM 2: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

*Additional counsel on signature page*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILLARY GOLDBERG | Case No. |
| Plaintiff, | **SACV11-0014** CJC (RNBx) |
| v. | **CLASS ACTION COMPLAINT** |
| GALEOS, LLC; GALEOS, INC.; ANDRES LEONTIEFF; GORDANA SAMARDZIC, | |
| Defendants. | |

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on behalf of herself and all other similarly situated for damages resulting from Defendants' deceptive, unfair and unconscionable business practices, breach of warranty and negligent misrepresentation in connection with Defendants' advertising, promotion and sale of its line of "very low fat" salad dressings. Plaintiff specifically excludes from this Complaint claims for personal injuries that she might possess as a result of the facts alleged herein.

2.      Galeos, LLC and Galeos, Inc. (collectively "Galeos")

1

manufacture, market, and sell a well known brand of miso based salad dressings ("Galeos Salad Dressings").

3. The Galeos Salad Dressings were created by Galeos co-founder Andres Leontieff ("Leontieff") and Gordana Samardzic ("Samardzic") in or about 1997. (Galeos, Leontieff and Samardzic are collectively referred to as "Defendants").

4. According to the product marketing, packaging and nutritional information on the food label, Galeos Salad Dressings are purportedly low-calorie and low-fat food products.

5. The Galeos Salad Dressings are aggressively promoted by celebrity trainer Jillian Michaels, on her NBC reality television show "The Biggest Loser," and through various other forms of media.

6. Leontieff and Samardzic actively promote and sell Galeos Salad Dressings to the public as low fat, low calorie salad dressings through their website www.galeoscafe.com.

7. Independent testing and analysis commissioned by America Online's "Consumer Ally" confirmed that the dressings are neither low in fat nor low in calories.

8. For example, the nutritional information on the food label on a bottle of Galeos Miso Caesar Dressing states: 14 calories 1 gram of fat, and 56 milligrams of sodium per serving of one (1) tablespoon.

9. According to independent laboratory testing, however, the label should actually read: 120 calories, 11 grams of fat and 390 mg of sodium per serving.

10. The nutritional information on the label is also deceptive because the serving size required by federal law on salad dressing labels is two (2) tablespoons, further exacerbating the illusion that the dressing is a healthier option than other

2

CLASS ACTION COMPLAINT

1   diet dressings.

2       11.     The Nutrition Labeling and Education Act requires that food

3   products, such as Galeos Dressings, disclose on their packaging certain nutrition

4   information, including the amount of fat and number of calories in a single serving

5   of the product.

6       12.     The false claims regarding Galeos Salad Dressings also appear on

7   the company's website at http://www.galeoscafe.com/index.html.

8       13.     The retail prices for standard 13 ounce bottles range from $3.49 to

9   $4.99.  The retail prices for gallon containers are approximately $26.95.

10                      **JURISDICTION AND VENUE**

11      14.     The claims asserted by the putative class are for damages well in

12  excess of $5,000,000.00 and, as such, this Court has jurisdiction over these claims

13  pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). The Court

14  also has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

15      15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because

16  Defendants reside, transact business and/or are found in this District and a

17  substantial portion of the events giving rise to Plaintiff's claims arose here.

18  Moreover, Galeos Salad Dressings are sold and/or distributed throughout Los

19  Angeles County.

20                              **PARTIES**

21      16.     Plaintiff Hillary Goldberg is a citizen and resident of the State of

22  Ohio.  During the Class Period, Hillary Goldberg purchased and consumed Galeos

23  Salad Dressings.

24      17.     Defendant Galeos, LLC is a limited liability company organized

25  under the laws of the California, with its principal place of business in Costa

26  Mesa, California 92627. Galeos, LLC is comprised of two individual members:

27  Leontieff and Samardzic. Andres Leontieff ("Leontieff") is a citizen of the State

28                              3

of California, with his residence located in Newport Beach. Gordana Samardzic ("Samardzic") is a citizen of the State of California, with her residence located in Newport Beach. During the Class Period, Galeos, LLC manufactured, advertised and sold a line of salad dressings in California and throughout the United States, through retailers and directly to consumers through its website, www.galeoscafe.com.

18.     Galeos, Inc. is a corporation organized under the laws of the California, with its principal place of business in Costa Mesa, California 92627. During the Class Period, Galeos, Inc. manufactured, advertised and sold a line of salad dressings in California and throughout the United States, through retailers and directly to consumers through its website, www.galeoscafe.com.

19.     Galeos, Inc. and Galeos, LLC shall collectively be referred to herein as "Galeos."

20.     Leontieff is a citizen of the state of California, with his primary residence in Newport Beach, California. Leontieff is one of the co-founders of Galeos. Leontieff is a member of Galeos, LLC and a shareholder of Galeos, Inc. At all relevant times, Leontieff was integrally involved in the manufacturing and marketing of Galeos Salad Dressings, and the deceptive scheme complained of herein.

21.     Samardzic is a citizen of the state of California, with her primary residence in Newport Beach, California. Samardzic is one of the co-founders of Galeos. Samardzic is a member of Galeos, LLC and a shareholder of Galeos, Inc. At all relevant times, Samardzic was integrally involved in the manufacturing and marketing of Galeos Salad Dressings, and the deceptive scheme complained of herein.

4

# CLASS ACTION ALLEGATIONS

28.     This action is brought as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b) on behalf of the Plaintiff named above and all others similarly situated. The class is defined as:

> All United States Citizens (including persons and business entities) that purchased Galeos Salad Dressings during the longest period permitted by the applicable statutes of limitations.

29.     Excluded from the proposed Class are:

> Defendants, any entities in which Defendants have or had a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the Class.

**30.    Numerosity:**        Members of the Class are so numerous that their individual joinder is impractical. The precise identities and addresses of members of the Class are unknown to the Plaintiff, but may and should be known with proper and full discovery of Defendants, third-parties, and their respective records. The number of Class members is approximated to be several thousand consumers. All Class members pray for money damages, temporary and permanent injunctive relief, and declaratory relief because the parties opposing the Class have acted on grounds generally applicable to the Class, thereby making appropriate injunctive relief to the class as a whole.

**31.    Existence of Common Questions of Fact and Law:** There is a well-defined commonality and community of interest in the questions of fact and law

5

CLASS ACTION COMPLAINT

affecting the members of the Class. The common questions of fact and law include, among other things:

a. Whether and to what extent Defendants' unfair and/or deceptive business practices and misconduct, as complained of herein, violate California law;

b. Whether and to what extent Defendants' unfair and/or deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Bus. & Prof. Code § 17200, et seq.;

c. Whether and to what extent Defendants' unfair and/or deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Bus. & Prof. Code § 17500, et seq.;

d. Whether and to what extent Defendants' unfair and/or deceptive business practices and misconduct, as complained of herein, are in violation of Cal. Civ. Code § 1770, et seq.;

e. Whether and to what extent Defendants' unfair and/or deceptive business practices and misconduct, as complained of herein violate Consumer Protection Statutes of various other states, including, without limitation, Ohio;

f. Whether and to what extent Defendants' breached express warranties relating to the nutritional qualities of their salad dressings;

g. Whether and to what extent Defendants made negligent misrepresentations relating to the nutritional qualities and benefits of their salad dressings;

h. Whether Plaintiff and the Putative Class are entitled to recover compensatory, exemplary, treble, statutory or punitive damages based on the Defendants' fraudulent and illegal conduct or

CLASS ACTION COMPLAINT

1    practices

2    32.   **Typicality:** Plaintiff is a member of the Putative Class.  The

3    Plaintiff's claims and the claims of the Putative Class have a common origin and

4    share common bases.  Her claims originate from the some deceptive and fraudulent

5    practices of the Defendants, and the Defendants have acted and continue to act in

6    the same way toward the Plaintiff and the Class members.  If brought and

7    prosecuted individually, the claims of each Putative Class member would

8    necessarily require proof of the same material and substantive facts, rely upon the

9    same remedial theories, and seek the same relief.

10   33.   **Adequacy:** Plaintiff is an adequate representative of the Putative

11   Class because her interests do not conflict with the interests of the members of the

12   Putative Class she seeks to represent.  Plaintiff has retained competent counsel, and

13   intends to prosecute this action vigorously.  Plaintiff's counsel will fairly and

14   adequately protect the interests of the members of the Putative Class.

15   34.   **Superiority:**       A Class action is superior to all other available

16   methods for the fair and efficient adjudication of this controversy because joinder

17   of all Members is impracticable.  Furthermore, as the damages suffered by

18   individual Class Members might be relatively small, the expense and burden of

19   individual litigation makes it impossible for Members of the Class to individually

20   redress the wrongs done to them.  This case can be efficiently manages as a Class

21   action.

22   In the alternative, the Class may be certified because:

23       a.    the prosecution of separate actions by the individual Members

24             of the Class would create a risk of inconsistent or varying

25             adjudication with respect to individual Class Members that

26             would establish incompatible standards of conduct for

27             Defendants;

28

7

CLASS ACTION COMPLAINT

b.   the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not party to the adjudications, or they would substantially impair or impede their ability to protect their interests; and

c.   Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Members of the Class as a whole.

35.   This lawsuit may be maintained as a class action pursuant Federal Rule of Civil Procedure 23(b)(2) because Plaintiff and the Putative Class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present.  Moreover, Defendants have acted on grounds generally applicable to Plaintiff and the Putative Class as a whole, thereby making declaratory and/or injunctive relief proper and suitable remedies.

36.   This lawsuit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendants' conduct and practices. Additionally, effective redress for each and every class member against Defendants may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes. Even if individual class

8

CLASS ACTION COMPLAINT

1    members could afford or justify the prosecution of their separate claims, such an

2    approach would compound judicial inefficiencies, and could lead to incongruous

3    and conflicting judgments against Defendants.

4                                    **FACTS**

5           37.    As a central part of their advertising and sale of their line of Galeos

6    Salad Dressings, Defendants employed marketing campaigns pursuant to which

7    they made false and misleading claims concerning the nutritional information of

8    their products. Specifically, Defendants expressly claimed the following about

9    Galeos Salad Dressings:

10              a.     "They are low in fat, sugar, salt and carbohydrates";

11              b.     "Our very low fat MISO dressing/marinade and dip is the

12                     World's best choice for salads, fish, chicken, meat, and is the

13                     World's best marinade for cooking, made only with fresh and

14                     natural ingredients."

15              c.     Galeos Miso Ginger Wasabi dressing contains 1 gram of fat, 14

16                     calories, and 42 mg of sodium per serving;

17              d.     Galeos Miso Caesar dressing contains 1 gram of fat, 14

18                     calories, and 562 mg of sodium per serving;

19              e.     Galeos Miso Sesame Seed dressing contains 2 grams of fat, 22

20                     calories, and 35 mg of sodium per serving; and

21              f.     Galeos Miso Dijonaise contains 2 grams of fat, 19 calories, and

22                     35 mg of sodium per serving.

23          38.    These representations were intended to and did in fact imply to

24    consumers that Galeos Salad Dressings were a low fat, low calorie, healthy food

25    choice.

26          39.    These representations were intended to and did in fact substantially

27    increase sales of the products and the price which Defendants were able to charge

28

                                         9

1 | for them.

2 |     40.    However, Defendants knew or should reasonably have known that

3 | these representations were false at the time they were made.

4 |     41.    In addition, upon information and belief, Defendants spent hundreds

5 | of thousands of dollars in deceptively advertising, marketing and promoting their

6 | line of Galeos Salad Dressings, as described above.

7 |     42.    In fact, Plaintiff learned of the existence of Galeos Salad Dressings

8 | when the products were endorsed on episodes of NBC's popular television program

9 | "The Biggest Loser."

10 |     43.    Since the first season of "The Biggest Loser", Galeos Salad Dressings

11 | have been consistently featured and endorsed by the show's celebrity fitness

12 | trainers and experts.

13 |     44.    During the course of these deceptive advertising, marketing and

14 | promotional campaigns, Plaintiff and other members of the Class reasonably relied

15 | upon Defendants' misrepresentations in purchasing the subject salad dressings.

16 |     45.    Plaintiff and other members of the Class suffered damages in that they

17 | purchased Defendants' products that they would not have otherwise purchased had

18 | they known the truth about them.

19 |     46.    Plaintiff and other members of the Class suffered additional damages

20 | in the form of the shipping fees paid in connection with orders for Galeos Salad

21 | Dressings placed through Defendants' website www.Galeoscafe.com.

22 |     47.    Simultaneous to this filing, Plaintiff sent by certified mail a notice of

23 | violation letter to Defendants, advising them specifically of their violation of the

24 | Consumer Legal Remedies Act, Cal. Civ. Code 1770 ("CLRA"), consistent with

25 | Cal Civ. Code 1782.

26 |     48.    If Defendants do not correct their violation of the CLRA within 30

27 | days, Plaintiff shall amend this complaint to add a count of violation of the CLRA.

28 |

CLASS ACTION COMPLAINT

# COUNT I

## CALIFORNIA UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE § 17200.

#### (Injunctive Relief)

49.    Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full herein.

50.    Plaintiff and the Putative Class members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17200.

51.    Defendants fall within the definition of a "person" as contemplated by Cal. Bus. & Prof. Code § 17200.

52.    Defendants' misconduct and unfair, deceptive, and/or fraudulent business practices, as complained of herein, constitute "unfair competition" as contemplated by Cal. Bus. & Prof Code § 17200.

53.    Defendants unfairly, fraudulently, and/or deceptively caused Plaintiff and the Putative Class to purchase their Galeos Salad Dressings in violation of Cal. Bus. & Prof Code § 17200.

54.    As a result of Defendants' unfair, deceptive and/or fraudulent business practices complained of herein, Plaintiff and the Putative Class members were deceived into purchasing the Galeos Salad Dressings.

55.    In bringing this action Plaintiff engaged the services of attorneys and incurred and will continue to incur reasonable legal expenses.

56.    The violations of this Act have directly, foreseeably, and proximately caused damages to Plaintiff and the proposed Class.

57.    Defendants' actions are outrageous due to their reckless indifference to the rights of Plaintiff and the Putative Class.

///

///

11

CLASS ACTION COMPLAINT

## COUNT II

## CALIFORNIA FALSE ADVERTISING LAW

## CAL. BUS. & PROF. CODE § 17500

## (Injunctive Relief and Restitution)

56.   Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full herein.

57.   Defendants made untrue and misleading statements to Plaintiff and the Putative Class relating to the nutritional information and benefits for Galeos Salad Dressings, in violation of Cal. Bus. & Prof. Code § 17500.

58.   As alleged with specificity herein, Defendants misrepresented the nutritional information and benefits relating to its Galeos Salad Dressings as a means to deceive Plaintiff and the Putative Class into enrolling in the plan.

59.   Defendants knew or should have known that the solicitations, nutritional information, and benefits relating to its Galeos Salad Dressings, as alleged with specificity herein, were untrue and misleading.

60.   In bringing this action Plaintiff have engaged the services of attorneys and have incurred and will continue to incur reasonable legal expenses.

61.   The violations of this Act have directly, foreseeably, and proximately caused damages to Plaintiff and the proposed Class.

62.   Defendants' actions are outrageous due to their reckless indifference to the rights of Plaintiff and the Putative Class.

## COUNT III

## Breach of Express Warranty

71.   Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

72.   Defendants' affirmations of fact and/or promises relating to nutritional content in their Galeos Salad Dressings created express warranties that the

CLASS ACTION COMPLAINT

products would conform to Defendants' affirmations of fact and/or promises.

73.   Alternatively, Defendants' descriptions of the Galeos Salad Dressings became part of the bases of the bargains, creating express warranties that the products purchased by Plaintiff and the other Class members would conform to Defendants' descriptions and specifications.

74.   In fact, the products purchased by Plaintiff did not so conform.

75.   As a result of the foregoing, Plaintiff and the other Class members suffered damages, in that the value of the products they purchased was less than warranted by Defendants.

## COUNT IV
## Negligent Misrepresentation

76.   Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

77.   In making representations of fact to Plaintiff and the other Class members, Defendants failed to fulfill their duties to disclose the material facts alleged above. Among the direct and proximate causes of said failure to disclose were Defendants' negligence and carelessness.

78.   Plaintiff and the other Class members, as a direct and proximate cause of Defendants' breach of its duties, reasonably relied upon such representations to their detriment. By reason thereof, Plaintiff and the other Class members have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks the following relief:

a.   An Order declaring that this action is properly maintainable as a Class Action, certifying the proposed Class herein and appointing Plaintiff and the undersigned counsel of record to

13

CLASS ACTION COMPLAINT

1          represent the Class;

2     b.   An Order issuing a preliminary injunction enjoining

3          Defendants, their successors and assigns and all others, known

4          and unknown, from continuing to take the deceptive action as

5          set forth in this Complaint;

6     c.   An Order issuing a permanent injunction enjoining Defendants,

7          their successors and assigns and all others, known and

8          unknown, from continuing to take the deceptive action as set

9          forth in this Complaint;

10    d.   An Order requiring Defendants to make corrective disclosures;

11    e.   A Judgment awarding Plaintiff and the Class compensatory,

12         consequential, and statutory damages, including, without

13         limitation, the loss of monies paid to Defendants to purchase its

14         Galeos Salad Dressings, pre judgment interest, and post-

15         judgment interest;

16    f.   A Judgment awarding Plaintiff and the Class restitution of all

17         monies paid in connection with the purchase of Galeos Salad

18         Dressings;

19    g.   A Judgment awarding Plaintiff and the Class exemplary, treble

20         and punitive damages;

21    h.   A Judgment awarding Plaintiff and the Class reasonable

22         attorneys' fees and costs of this action in accordance with

23         California Code of Civil Procedure § 1021.5.; and

24    i.   Such other and further relief as this Honorable Court finds just

25         and proper under the circumstances.

26

27

28
                              14

                                        CLASS ACTION COMPLAINT

1

## JURY DEMAND

2

3   **WHEREFORE**, Plaintiff demands a trial by jury on all issues so triable as a

4   matter of right.

5   ## DESIGNATION OF PLACE OF TRIAL

6   Plaintiff designates Los Angeles, California as the place for trial.

7

8   Dated: January 3, 2011                     Respectfully submitted,

9

10                                   By: _____

                                     Jason S. Hartley
11                                   **STUEVE SIEGEL HANSON LLP**
                                     550 West C Street, Suite 610
12                                   San Diego, CA 92101
                                     Telephone:   (619) 400-5825
13                                   Facsimile:   (619) 400-5832
                                     E-mail: hartley@stuevesiegel.com
14

15                                   Daniel R. Karon
                                     **GOLDMAN SCARLATO & KARON, P.C.**
16                                   700 W. St. Clair Avenue, Suite 204
                                     Cleveland, OH 44113
17                                   Telephone:   (216) 622-1851
                                     Facsimile:   (216) 241-8175
18                                   Email:       karon@gsk-law.com
19

20                                   Vincent J. Esades
                                     **HEINS MILLS & OLSON, P.L.C.**
21                                   310 Clifton Avenue
                                     Minneapolis, MN 55403
22                                   Telephone:   (612) 338-4605
                                     Facsimile:   (612) 338-4692
23                                   Email:       vesades@heinsmills.com
24

25                                   *Attorneys for Plaintiff and the Class*

26

27

28
                                     15

                                                  CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 14 CJC  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Jason S. Hartley (192514)
Stueve Siegel Hanson LLP
550 West C Street, Suite 610
San Diego, CA 92101
619-400-5822  hartley@stuevesiegel.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HILLARY GOLDBERG,

                                        PLAINTIFF(S)

        v.

GALEOS, LLC.; GALEOS, INC.; ANDRES
LEONTIEFF; and GORDANA SAMARDZIC,

                                        DEFENDANT(S).

CASE NUMBER

SACV11-0014 CJC (RNBx)

SUMMONS

TO:   DEFENDANT(S):   Galeos, Inc.

_____

A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, _Jason S. Hartley_____, whose address is
_550 W. C St., Ste. 610, San Diego, CA 92101_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                        Clerk, U.S. District Court

        JAN - 4 2011

Dated: _____

                                        By: _____

                                        **CHRISTOPHER POWERS**

                                        Deputy Clerk

                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed*
*60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        **SUMMONS**

Name & Address:
Jason S. Hartley (192514)
Stueve Siegel Hanson LLP
550 West C Street, Suite 610
San Diego, CA 92101
619-400-5822  hartley@stuevesiegel.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HILLARY GOLDBERG,

CASE NUMBER

PLAINTIFF(S)

v.

GALEOS, LLC.; GALEOS, INC.; ANDRES
LEONTIEFF; and GORDANA SAMARDZIC,

SACV11-0014 CJC (RNBx)

**SUMMONS**

DEFENDANT(S).

TO:   DEFENDANT(S):  Andres Leontieff

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Jason S. Hartley_____, whose address is
_550 W. C St., Ste. 610, San Diego, CA 92101_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: _JAN - 4 2011_____

By: _____
     Deputy Clerk

        **CHRISTOPHER POWERS**

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].

Name & Address:
Jason S. Hartley (192514)
Stueve Siegel Hanson LLP
550 West C Street, Suite 610
San Diego, CA 92101
619-400-5822  hartley@stuevesiegel.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HILLARY GOLDBERG,

PLAINTIFF(S)

v.

GALEOS, LLC.; GALEOS, INC.; ANDRES
LEONTIEFF; and GORDANA SAMARDZIC,

DEFENDANT(S).

CASE NUMBER

SACV11-0014 CJC (RNBx)

**SUMMONS**

TO:   DEFENDANT(S): _Galeos, LLC_

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Jason S. Hartley_____, whose address is _550 W. C St., Ste. 610, San Diego, CA 92101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____JAN - 4 2011____

**CHRISTOPHER POWERS**

By: _____
                    Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)

Name & Address:
Jason S. Hartley (192514)
Stueve Siegel Hanson LLP
550 West C Street, Suite 610
San Diego, CA 92101
619-400-5822  hartley@stuevesiegel.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

HILLARY GOLDBERG,

                                                    PLAINTIFF(S)

                        v.

GALEOS, LLC.; GALEOS, INC.; ANDRES
LEONTIEFF; and GORDANA SAMARDZIC,

                                                    DEFENDANT(S).

CASE NUMBER

SACV11-0014    CJC  (RNBx)

SUMMONS

TO:   DEFENDANT(S): Gordana Samardzic

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Jason S. Hartley _____, whose address is 550 W. C St., Ste. 610, San Diego, CA 92101 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                                    Clerk, U.S. District Court

                        JAN – 4 2011

Dated: _____          By: _____
                                                    CHRISTOPHER POWERS
                                                    Deputy Clerk

                                                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>HILLARY GOLDBERG | **DEFENDANTS**<br>GALEOS, INC.; GALEOS, LLC; ANDRES LEONTIEFF; GORDANA SAMARDZIC |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Jason S. Hartley (192514), Stueve Siegel Hanson LLP, 550 W. C Street, Suite 610, San Diego, CA 92101 619-400-5822 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ I U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No      ☑ **MONEY DEMANDED IN COMPLAINT: $ 0.00**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Bus & Prof. Code Sections 17200 and 17500; Breach of Express Warranty; and Negligent Misrepresentation

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☑ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: _____    SACV11-0014

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s):  10-cv-01815 JVS FFM

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Ohio |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  January 3, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |