Mark L. Eisenhut, Bar No. 185039
Ryan M. McNamara, Bar No. 223606
Aaron L. Renfro, Bar No. 255086
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
meisenhut@calljensen.com
mmcnamara@calljensen.com
arenfro@calljensen.com

Attorneys for Defendants Galeos, LLC, Galeos, Inc.,
Andrei Leontieff and Gordana Samardzic

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE COOPERMAN, MEREDITH WORTHY, GWEN FRAZIER, MERLE LEVY, ALTARA MICHELLE, GINA SALTONSTALL, and JUDY RUTTER, each individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>GALEOS, LLC, GALEOS, INC., ANDREI LEONTIEFF, GORDANA SAMARDZIC, and unidentified entities A through Z,<br><br>　　　　Defendants. | Case No. SACV 10-01815 JVS (FFMx) (Consolidated with **SACV 11-14 JVS (FFMx)** and SACV 11-240 JVS (FFMx))<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Complaint Filed:  11/29/2010<br>Trial Date:　　　None Set |

Having considered the Joint Motion for Final Approval of Class Settlement, the amended Settlement Agreement and Release ("Settlement Agreement") dated January 30, 2012,[1] the Notice of Settlement Regarding Attorneys' Fees and Costs dated February 24, 2012, and all other papers submitted to the Court and proceedings to date, the Court makes the following findings of fact and conclusions of law:

1. A class action complaint was filed by Paige Cooperman and several other Plaintiffs on November 29, 2010. The complaint was subsequently amended on December 17, 2010 and February 14, 2011. In the following months, several other class action lawsuits based upon the same facts and circumstances were filed.

2. Plaintiffs, the class as defined in the Settlement Agreement, and Defendants have been represented in the action by experienced and qualified attorneys.

3. Defendants contest each and every claim alleged by Plaintiffs in the action, and also deny and continue to deny any wrongdoing or legal liability arising out of any conduct alleged in the action. Defendants are prepared to defend the action.

4. Following investigation, discovery, and arms-length negotiations with respect to the merits of each side's claims and defenses, the Parties reached a settlement of the action embodied in the Settlement Agreement.

5. For purposes of the settlement, the Settlement Class as defined in the Settlement Agreement is an ascertainable class with a well-defined community of interest, within the meaning of Federal Rule of Civil Procedure 23.

6. The form and method of providing notice to class members specified in Section VI of the Settlement Agreement is reasonably calculated to apprise class members of (i) the pending lawsuit; (ii) the proposed settlement, (iii) their rights, including the right to participate in the settlement, the right to opt for exclusion from the class and settlement and the right to object to the settlement, and (iv) the manner of exercising those rights.

---

[1] All capitalized terms used but not defined herein shall have the meaning attributed to that term in the Settlement Agreement.

7. The process for requesting refunds, the allowance of refunds themselves, and the amount of the incentive awards to Representative Class Members are fair, reasonable, and adequate to members of the Settlement Class.

8. The settlement represents a fair and reasonable compromise of the Parties' interests in light of the size of the class, amounts of the claims, and hurdles faced by Plaintiffs in certifying a class and prevailing on the merits through continued litigation.

9. Final approval of the settlement is granted on the terms of the Settlement Agreement filed herewith. The Court finds that the settlement is fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e).

10. The Court finds that the notice procedures followed by Defendants are adequate and fully comply with due process requirements.

11. A class should be certified for settlement purposes only to carry out the terms and provisions of the Settlement Agreement.

12. The Court finds that all class members who did not timely opt out of the class and this settlement are bound by the settlement and are permanently barred from prosecuting any of the claims released in the Settlement Agreement, and that all class members who have not opted out have waived their right to appeal.

///

**FOR GOOD CAUSE APPEARING, IT IS THEREFORE ORDERED THAT:**

1. <u>Final Approval</u>. The Settlement Agreement is hereby approved as fair, reasonable, and adequate, and the Parties shall implement it pursuant to its terms.

2. <u>Certification of Settlement Class</u>. For good cause shown, the Court concludes that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23 and is certified for settlement purposes only, as specified in the Settlement Agreement, consisting of:

> All United States citizens that purchased one or more Galeos Products, for personal use and not for resale, during the Class

Period. Excluded from the Class are (a) all persons who validly opt out of the settlement in a timely manner; (b) counsel of record (and their respective law firms) for the parties; (c) Defendants; (d) any entities in which Defendants have or had a controlling interest; (e) any officer or director of Defendants; (f) the legal representatives, heirs, successors, and assigns of Defendants; (g) any Judge assigned to these Actions and his or her immediate family.

3. <u>Approval of Class Compensation</u>.  The Court concludes that the refunds to be distributed to the Settlement Class along with the measures to ensure that Galeos' products maintain accuracy and consistency in labeling are fair and reasonable and shall be and are hereby approved.

4. <u>Appointment of Class Counsel</u>.  The Court appoints Carey, Danis & Lowe and Paris Ackerman & Schmierer LLP as counsel for the class.

5. <u>Class Representatives and Approval of Enhancement</u>.  Each of the Representative Plaintiffs, Paige Cooperman, Meredith Worthy, Gwen Frazier, Merle Levy, Altara Michelle, Gina Saltonstall, Judy Rutter, Hillary Goldberg, Frances Healey, Debra Kerper, Gabriel Ferroni, and Caitlin Connell are named as class representatives and the amount of $500 to be paid to each as an enhancement award for their services to the class is fair and reasonable and shall be and is hereby approved.

6. <u>Dismissal With Prejudice</u>.  The Court dismisses the action with prejudice.  The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order.

7. <u>Relief to the Class.</u>  Defendants are ordered to provide refunds to Class members in accordance with the Settlement Agreement, and are further ordered to engage in testing of products in accordance with the Settlement Agreement.

8. <u>Payments to Representative Plaintiffs.</u>  Defendants are ordered to pay, within 10 days of the date that Defendants' Counsel receives a list containing current addresses of each of the Representative Plaintiffs, a payment of $500 to each of the twelve Representative Plaintiffs.

9. <u>Award of Attorneys' Fees and Costs.</u>  The issue of attorneys' fees and costs to Plaintiffs' counsel has been fully resolved and satisfied pursuant to the Parties' Notice of Settlement Regarding Attorneys' Fees and Costs dated February 24, 2012.

10. <u>Failure to Object</u>.  Class members who failed to object to the Settlement Agreement are (1) deemed to have waived their right to object to the Settlement Agreement; and (2) foreclosed from objecting (whether by appeal or any other process) to the Settlement Agreement.

IT IS SO ORDERED.

DATED:  February 28, 2012

_____
THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE